## MICHAEL WAKULEWICZ, PETITIONER-RESPONDENT, v. CITY OF PASSAIC, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 13, 1950—Decided March 29, 1950.

Before Judges JACOBS, EASTWOOD and JAYNE.

*Mr. Manfield G. Amlicke* argued the cause for the respondent (*Messrs. Isadore Rabinowitz* and *Nathan Rabinowitz*, of counsel).

*Mr. Isidor Kalisch* argued the cause for the appellant (*Mr. Henry M. Grosman*, attorney).

The opinion of the court was delivered by

EASTWOOD, J. A. D.   The dispositive issue here is whether the award for partial permanent disability, alleged to have resulted from a disabling accident on February 7, 1948, concededly arising out of and in the course of petitioner's employment, is supported by competent evidence.

The employee, while standing on the cab of a city garbage and ash truck, slipped and fell to the ground, suffering injuries to his head and back, for which he was awarded compensation by the Workmen's Compensation Bureau for partial permanent disability on the basis of 20% of total.   On appeal, the County Court affirmed, from which judgment the City of Passaic appeals.   Previously, he had been awarded compensation for partial permanent disability resulting from two prior accidents.   For the first accident, in 1941, an award of 10% of total permanent disability was made and for the second accident in 1943, he received 22½% of total permanent.

Appellant contends that the proofs do not support the County Court's findings and argues that the testimony of Dr. Anthony J. Watman, petitioner's medical expert, should be eliminated from the court's consideration, in that he testified as petitioner's first witness, and his conclusions were predicated on a factual situation which was not supported later by the petitioner's proofs.   While we are cognizant of the

pressure of the daily time schedule to which medical men are subjected, we are convinced that a more satisfactory result would be attained if the testimony of the expert were deferred until after the factual testimony is in the record. However, we find that in the petitioner's testimony and that of Dr. Szymanski, his attending physician, there was a sufficient basis to support the opinion of Dr. Watman. Dr. Watman's conclusion was that "As a physiological unit I would say that this man has 75 to 80 per cent total permanent disability" and as a result of the accident in question, petitioner had suffered partial permanent disability of 33 1/3% of total orthopedically and neurologically, 5% of total. Petitioner testified as to his injuries and the disabling effects thereof, resulting in his claimed inability to resume his employment with the City. Both Doctors Watman and Szymanski expressed the opinion that the petitioner was wholly disabled from undertaking any laborious work. Dr. Szymanski confined his testimony to the nature of his permanent injuries. but was not interrogated as to the percentage of petitioner's disability.

The only witness to testify for the employer was Dr. Joseph F. A. Rubacky, who examined the employee for the purpose of testifying for the defendant. Dr. Rubacky stated that he had examined petitioner in 1942 and 1943 for the employer, as to the injuries arising out of his two previous accidents. He examined the employee on June 11, 1948, and in substance, found that there was clinical evidence of marked arthritic pathology associated with similar finding by him in his examinations of 1942 and 1943; a spondylolisthesis of congenital origin, advanced hypertrophic osteoarthritic changes in the dorsal lumbar spine and pelvis; that on the basis of the alleged injury he was of the opinion that there was a contusion of the lower back, but the symptoms were associated with the arthritic pathology manifested both clinically and radiographically, and with his knowledge of the past condition of the man, and the fact that the petitioner had been awarded 32½% of total disability for the two previous accidents, he was of the opinion that the condition now found would not bring the disability above the per-

centage already awarded. Doctors Watman and Szymanski, while conceding that there was evidence of arthritic changes in petitioner which pre-existed the third accident and a spondylolisthesis that was probably congenital, testified that the increased partial permanent disability suffered by the employee in this accident was dissociated therefrom, and was occasioned by the injuries caused by the accident of February 7, 1948.

From the foregoing summary of the testimony, it is readily discernible that there was a sharp conflict between the medical experts. Our review of the entire record convinces us that there is sufficient competent evidence to support the judgment of the County Court.

The judgment of the County Court is affirmed.